## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JACQUELYN YVETTE ROBERTSON** | **Case No.** |

### INFORMATION

The United States Attorney charges:

### COUNT ONE
### *Wire Fraud*
### [18 U.S.C. § 1343]

*Introduction*

At all times relevant to this Information, unless otherwise specified:

1. The City of Lipscomb was a municipality in Jefferson County, Alabama, within the Northern District of Alabama.

2. **JACQUELYN YVETTE ROBERTSON** resided in Jefferson County.

3. In August 2020, **ROBERTSON** was appointed City Manager of Lipscomb. **ROBERTSON** served in that role until May 2021, when her employment was terminated.

4. While serving as City Manager, **ROBERTSON** had signature authority for City of Lipscomb bank accounts. **ROBERTSON** also had access to debit cards for City of Lipscomb bank accounts.

## *The Scheme and Artifice*

5.      From in or about August 2020 through in or about May 2021, in the Northern District of Alabama, and elsewhere, the defendant,

**JACQUELYN YVETTE ROBERTSON**,

knowingly devised and intended to devise a scheme to defraud the City of Lipscomb, and to obtain from the City of Lipscomb money and property by means of materially false and fraudulent pretenses, representations and promises.

## *Manner and Means of the Scheme and Artifice*

6.      The manner and means by which **ROBERTSON** sought to accomplish the scheme included, among others, the following:

   a.   It was a part of the scheme and artifice that **ROBERTSON** would and did withdraw, without authorization and for her own personal purposes, tens of thousands of dollars in cash from City of Lipscomb bank accounts.

   b.   It was a part of the scheme and artifice that **ROBERTSON** would and did obtain, without authorization and for her own personal purposes, tens of thousands of dollars in cashier's checks using City of Lipscomb funds.

   c.   It was a part of the scheme and artifice that **ROBERTSON** would and did obtain, without authorization and for her own personal purposes, tens of thousands of dollars in money orders using City of Lipscomb funds.

   d.   It was a part of the scheme and artifice that **ROBERTSON**

would and did obtain, without authorization and for her own personal purposes, tens of thousands of dollars using City of Lipscomb debit cards.

  e. It was a part of the scheme and artifice that **ROBERTSON** would and did perform acts and make statements to promote and achieve the object of the scheme and artifice.

  f. It was a part of the scheme and artifice that, between 2020 and 2021, **ROBERTSON** took at least $157,627.30 from the City of Lipscomb without lawful authority.

### *The Wire Communication*

7. On or about January 28, 2021, in the Northern District of Alabama and elsewhere, the defendant, **JACQUELYN YVETTE ROBERTSON**, for the purpose of executing the above-described scheme and artifice and attempting to do so, did cause to be transmitted in interstate commerce, by means of a wire communication, certain signs and signals, namely, the deposit of a $4,470 cashier's check dated January 21, 2021, obtained with funds from a City of Lipscomb account.

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE:
## [18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A), and 28 U.S.C. § 2461(c)]

The United States further charges:

1. The allegations of paragraphs 1-7 of this Information are re-alleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

2. Pursuant to Rule 32.2(a), Fed. R. Crim. P., the defendant is hereby notified that, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), the defendant,

**JACQUELYN YVETTE ROBERTSON**,

upon conviction of Count One in this Information, shall forfeit to the United States any property, real or personal, that constitutes or is derived from, directly or indirectly, proceeds traceable to the commission of the said violations, including but not limited to a forfeiture money judgment representing the amount of proceeds obtained as a result of the offense alleged.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

PRIM F. ESCALONA
United States Attorney

*/s/ Electronic Signature*
JOHN B. WARD
Assistant United States Attorney